UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROY MCINTOSH and JACQUELINE MCINTOSH,**

    Plaintiffs,

v.                                    Case No: 6:25-cv-487-WWB-UAM

**HILTON GRAND VACATIONS, INC., formerly known as Bluegreen Vacation Club,**

    Defendant.

---

## ORDER

This cause comes before the Court on Defendant's Unopposed Motion to Stay Discovery Pending Resolution of Motion to Compel Arbitration ("Motion to Stay"). (Doc. 13). Defendant moves to stay discovery pending a ruling on its Motion to Arbitrate Claims Pursuant to the Parties' Arbitration Agreement ("Motion to Compel Arbitration") (Doc. 11). (Doc. 13 at pp. 1, 7-8). Defendant represents that Plaintiffs do not oppose the request for a stay. (*Id.* at p. 8). Upon consideration, Defendant's Motion to Stay is due to be granted.

### I. LEGAL STANDARDS

In general, courts maintain broad discretion in managing discovery matters, including staying discovery. *See Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). In exercising this discretion, a court is permitted to stay discovery pursuant to Federal Rule of Civil Procedure 26(c) if the movant shows "good cause and reasonableness." *See Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997); Fed. R. Civ. P. 26(c) (indicating that courts

have discretion to deny or limit discovery to protect a party from undue burden or expense and to promote a case's efficient resolution).

"In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman*, 176 F.R.D. at 652. Therefore, in making this determination, the Court must "take a preliminary peek at the merits of the [allegedly dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *See id*. at 652-53 (internal quotations omitted). This Court may stay discovery pending resolution of a motion to compel arbitration. *See, e.g.*, *Falcon v. Televisaunivision Digital, Inc.*, No. 8:23-cv-2340-TPB-JSS, 2024 WL 639789, at *1-2 (M.D. Fla. Feb. 15, 2024); *Hillery v. Dick Baird, Inc.*, No. 6:18-cv-1506-ORL-37-TBS, 2019 WL 13082690, at *2 (M.D. Fla. Feb. 25, 2019); *Shireman v. Tracker Marine, LLC*, No. 3:18-cv-740-J-34MCR, 2018 WL 11482799, at *2 (M.D. Fla. Nov. 30, 2018); *Harrell's LLC v. Agrium Advanced (U.S.) Techs., Inc.*, No. 8:10-cv-1499-T-33AEP, 2011 WL 1596007, at *2-3 (M.D. Fla. Apr. 27, 2011); *Morat v. Cingular Wireless LLC*, No. 3:07-cv-1057-J-20JRK, 2008 WL 11336388, at *2 (M.D. Fla. Feb. 14, 2008) ("[C]ourts have routinely stayed discovery into the underlying merits of the case when a motion to compel arbitration has been filed in good faith.") (collecting cases).

## II. DISCUSSION

In this instance, Defendant has shown good cause and reasonableness to stay discovery pending resolution of its Motion to Compel Arbitration (Doc. 11). Having taken the required "preliminary peek" at the Motion to Compel Arbitration, the motion is directed to the entire case and, if granted, would result in the Court staying the case pending completion of the arbitration proceedings, with the potential for Plaintiffs' claims against Defendant to be resolved in arbitration. *See Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 841-42 (11th Cir. 2020) (finding that the magistrate judge did not err in staying discovery by taking a "preliminary peek" at the motion to compel arbitration and motion to dismiss, determining "that they were likely meritorious and dispositive of the case"). While Plaintiffs have not filed a response in opposition to Defendant's Motion to Compel Arbitration to date, the Court is satisfied that the motion has been filed in good faith.

In weighing the harm produced by delaying discovery against the possibility that the Motion to Compel Arbitration will be granted, the balance tips in favor of staying discovery. As Defendant points out, allowing discovery to proceed in this action could undermine the purposes of arbitration, as it would incur unnecessary costs, engage in time-consuming discovery efforts into the merits of this matter, and waste resources that could have otherwise been preserved for arbitration. *See Sundial Partners, Inc. v. Atl. St. Cap. Mgmt. LLC*, No. 8:15-cv-861-T-23JSS, 2016 WL 4769748, at *1 (M.D. Fla. Mar. 2, 2016) ("[P]ermitting discovery to proceed in a case that may be subject to arbitration could 'frustrate one of the purposes underlying arbitration, namely, the inexpensive and expedient resolution of disputes and the easing of court congestion.'") (quoting *Niven v. Dean Witter Reynolds*, Inc., No. 84-1594, 1985 WL 5802, at *1 (M.D. Fla. June 27, 1985)); *see also Morat*, 2008 WL 11336388, at *2 ("As

Plaintiff has filed a class action lawsuit, discovery into the merits could be unnecessarily expensive and time[-]consuming depending on the resolution of the Motion to Compel Arbitration."); *Feldman*, 176 F.R.D. at 653 (explaining that reasons for staying discovery, include "the elimination of unnecessary expenditures of time, money[,] and other resources").

Further, Defendant's participation in discovery could be viewed as a waiver of arbitration. *See Harrell's LLC*, 2011 WL 1596007, at *2 ("[P]articipation in litigation, including discovery, can militate in favor of a finding that a party has waived their right to arbitrate."); *see also Citibank, N.A. v. Stok & Assocs., P.A.*, 387 F. App'x 921, 924 (11th Cir. 2010) (explaining that participating in litigation can satisfy the first prong of the waiver test "when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate") (quoting *Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.)*, 62 F.3d 1356, 1366 (11th Cir. 1995)). Plaintiffs do not oppose Defendant's request for a stay pending resolution of the Motion to Compel Arbitration (Doc. 13 at p. 8), and therefore, given this representation, staying discovery will not cause the Plaintiffs any significant harm. *See George & Co. LLC v. Cardinal Indus., Inc.*, No. 2:18-cv-154-FTM-38MRM, 2019 WL 1468514, at *1 (M.D. Fla. Feb. 19, 2019) ("As long as delaying discovery does not cause Plaintiff 'any significant harm,' then a stay of discovery is appropriate.") (quoting *Ave Maria Univ. v. Sebelius*, No. 2:12-cv-88-FTM-99SPC, 2012 WL 135059434, at *2 (M.D. Fla. Nov. 28, 2012)). In sum, the Court finds that Defendant has demonstrated good cause to stay discovery in this matter pending resolution of the Motion to Compel Arbitration.

### III. CONCLUSION

Accordingly, it is **ORDERED** that:

(1) Defendant's Unopposed Motion to Stay Discovery Pending Resolution of Motion to Compel Arbitration (Doc. 13) is **GRANTED**.

(2) All discovery in this matter is stayed pending resolution of Defendant's Motion to Arbitrate Claims Pursuant to the Parties' Arbitration Agreement (Doc. 11).

**DONE** and **ORDERED** in Ocala, Florida on May 15, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party